IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IRIS BOTROS ANDROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV1132 |
| | ) | |
| FAMILY DOLLAR STORES OF | ) | |
| NORTH CAROLINA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Defendant Family Dollar Stores of North Carolina, Inc., has moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, to compel arbitration and stay this proceeding under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. (Doc. 10.) Plaintiff has responded and agrees this action is subject to arbitration and consents to a stay pending completion of arbitration between the parties. (Doc. 12 at 1.)

To compel arbitration under § 4 of the FAA, a litigant must show "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate

or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002) (citation omitted). The parties must have entered into a valid agreement to arbitrate, and the dispute in question must fall within the scope of the arbitration agreement. Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 563 (4th Cir. 2015) (citation omitted). Dismissal may be appropriate if all claims asserted in a complaint are subject to arbitration. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001).

Plaintiff's claims are subject to an arbitration agreement. (See generally Doc. 11, Ex. 1.) In light of the undisputed existence of an arbitration agreement, the respective positions of the parties, and the absence of any dispute as to the existence of the four factors described above, this court finds Plaintiff's claims are subject to mandatory arbitration.

Once this court finds the claims are subject to arbitration,

> [t]he FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its

> purview. United States v. Bankers Ins. Co., 245 F.3d
> 315, 319 (4th Cir.2001).

Adkins, 303 F.3d at 500. Despite the language of § 3, courts, including the Fourth Circuit, have noted that dismissal is a proper remedy when all claims presented in a lawsuit are arbitrable. See, e.g., Choice Hotels, 252 F.3d at 709-10 (citing Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992). Neither party has presented a compelling reason for either a stay or dismissal; however, both parties consent to a stay. (Doc. 12 at 2.) A stay is consistent with the provisions of the FAA, which provides that the court shall stay an action until the arbitration is complete. 9 U.S.C. § 3. In light of the parties' consent to a stay, (Doc. 12 at 2), this court will stay this action pending resolution of the arbitration.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Alternative Motion to Compel Arbitration, (Doc. 10), is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion to dismiss is **DENIED** and Defendant's motion to stay this action is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** until arbitration has been had in accordance with the terms of the parties' arbitration agreement.

-3-

Case 1:20-cv-01132-WO-JEP   Document 15   Filed 09/27/21   Page 3 of 4

**IT IS FURTHER ORDERED** that the parties shall file a joint report of arbitration every one-hundred and twenty (120) days. Upon completion of the arbitration, the parties shall file a motion to dismiss or motion to lift stay as may be necessary to resolve this case.

The Clerk is directed to administratively close the file.

This the 27th day of September, 2021.

/s/ William L. Osteen, Jr.
_____
United States District Judge

-4-

Case 1:20-cv-01132-WO-JEP   Document 15   Filed 09/27/21   Page 4 of 4